# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Court File No. 22-cr-252 (02)(NEB/LIB) |
| Plaintiff, | |
| v. | **MOTION TO SUPPRESS EVIDENCE FROM ILLEGAL SEARCH AND SEIZURE** |
| VICTOR MANUEL CALIXTRO-LOYA, | |
| Defendant. | |

---

The Defendant, Victor Calixtro-Loya, by and through his attorney, moves the Court for an order suppressing evidence obtained from illegal search and seizure. The motion is based upon the information available to the parties, files and records relating to the proceedings herein, the argument of Counsel, the Federal Rules of Criminal Procedure, and any other statutory or constitutional rules. In support of the motion, Calixtro-Loya states as follows:

1. On July 19, 2022 a Minnesota State Trooper stopped a vehicle driven by Pacheco-Rivera for speeding. Calixtro-Loya was the front seat passenger. There is no challenge to the initial traffic stop.

2. Pacheco-Rivera's driver's license and registration were determined to be valid. The Trooper issued a warning for the speeding violation and returned Pacheco-Rivera's documents to her.

3. The basis for the traffic stop was complete, yet the Trooper continued asking questions of the driver and Calixtro-Loya. Instead of letting them leave the scene, the Trooper asked Pacheco-Rivera and her passenger to exit the vehicle so the Trooper could conduct a drug dog sniff search.

4. Neither Calixtro-Loya nor the driver consented to the search.

5. The Trooper conducted a drug dog sniff search, which allegedly resulted in an alert from the dog.  A search of the vehicle cabin and trunk and contents did not yield any contraband.

6. Law enforcement officers seized the vehicle and towed it to a nearby fire station.  Officers then dismantled the vehicle to continue searching.  Calixtro-Loya and the driver were detained while the vehicle was seized and searched.

7. The officers did not obtain a search warrant before dismantling the vehicle.  Eventually, a compartment was located under the seats of the vehicle that contained methamphetamine.

8. Calixtro-Loya argues the Trooper conducting the traffic stop expanded the scope of the stop without any proper basis.  The Trooper unlawfully detained Calixtro-Loya after completing the basis for the original stop.  There was no reasonable suspicion to support a drug dog sniff search and no probable cause to seize either the vehicle for a more invasive search nor the passengers of the vehicle while the invasive search was conducted.

9. The officers expanded the scope of their warrantless search by dismantling the seized vehicle based on a hunch there could be contraband all while not securing a search warrant.

10. Calixtro-Loya argues the search violates the Fourth Amendment and anything obtained from the search must be suppressed, including items found in the cabin of the vehicle and the hidden compartment eventually discovered by officers.

SPEAS LAW FIRM, P.A.

Date:  November 9, 2022                  By  s/ Jennifer E. Speas
                                         Jennifer E. Speas, #264817

Flour Exchange Building
310 Fourth Avenue South, Suite 1050
Minneapolis, Minnesota 55415
(612) 333-6160 / (612) 333-8003 fax
Jennifer@speaslaw.com
ATTORNEY FOR DEFENDANT